William E. Rowen, Esquire, San Francisco, CA, for Petitioner.

Susan K. Houser, Esquire, DOJ—U.S. Department Of Justice Civil Division/Office Of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Raul E. Monterrosa, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, including due process claims, *Mohammed v.*

*Gonzales,* 400 F.3d 785, 791–92 (9th Cir. 2005), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary denial of Monterrosa's application for relief under section 212(c) of the Immigration and Nationality Act. *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Vargas–Hernandez v. Gonzales,* 497 F.3d 919, 923 (9th Cir.2007) ("Discretionary decisions, including whether or not to grant § 212(c) relief, are not reviewable.").

Monterrosa's contention that the BIA applied an incorrect legal standard in adjudicating his application for section 212(c) relief is not persuasive. His remaining contentions regarding agency bias are not supported by the record.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**Edy Sumitra RUSLI, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–72256.

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed June 1, 2010.

Robert George Ryan, Law Offices of Eugene C. Wong, Inc., San Francisco, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Craig Alan Newell, Jr., Esquire, Trial, Emily Anne Radford, DOJ-U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Edy Sumitra Rusli, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny in part and grant in part the petition for review.

The record does not compel the conclusion that Rusli's difficulties in finding an attorney established extraordinary circumstances excusing his untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *Husyev v. Mukasey,* 528 F.3d 1172, 1181–82 (9th Cir.2008). Accordingly, Rusli's asylum claim is denied.

Substantial evidence also supports the agency's finding that the incidents in Rusli's childhood where he was ridiculed, robbed, and struck by a stone constituted harassment rather than persecution, *see Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (holding that unfulfilled threats by citizens based on ethnicity constitute harassment and not persecution),

and that his experiences during the May 1998 riots and encounter on his motorcycle in June 2000 also did not amount to persecution, *see Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003).

In analyzing Rusli's withholding of removal claim, the agency declined to apply the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004). Intervening case law holds the disfavored group analysis applies to withholding of removal. *See Wakkary v. Holder,* 558 F.3d 1049, 1062–65 (9th Cir.2009). Accordingly, we remand to the BIA to consider whether Rusli is entitled to withholding of removal under *Sael* and *Wakkary. See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). In addition, the BIA should consider Rusli's pattern or practice of persecution claim. *See Sagaydak v. Gonzales,* 405 F.3d 1035, 1040 (9th Cir.2005) ("the BIA [is] not free to ignore arguments raised by a petitioner.").

Substantial evidence supports the agency's denial of CAT relief because Rusli failed to establish it is more likely than not he will be tortured in Indonesia. *See Wakkary,* 558 F.3d at 1067–68.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.